## CONSOLIDATED GIN CO. et al. v. GRAYBILL.

### No. 2180.

Court of Civil Appeals of Texas. Beaumont.

Feb. 10, 1932.

Rehearing Denied Feb. 17, 1932.

Crawford & Crawford, of Conroe, for appellants.

Pitts & Liles, of Conroe, for appellee.

WALKER, J.

This case originated in justice court and was an action by appellee, M. J. Graybill, against appellants, Consolidated Gin Company and J. A. Minter, to recover the possession of three bales of cotton, or their value. E. L. Ellisor raised the cotton on the premises of appellant J. A. Minter. After the cotton was ginned, by mutual agreement between Ellisor and Minter, it was stored with appellant Consolidated Gin Company, who is-

sued to Ellisor and in his name three negotiable warehouse receipts for the cotton, one for each bale. There was no notation on these receipts showing that Minter had any interest in the cotton. The evidence raised the issue that appellee bought the cotton from Ellisor and paid him for it before discovering that Minter had any interest in the cotton, but Ellisor told him of Minter's interest as soon as he received the purchase price of the cotton. Thereupon appellee made a calculation for Ellisor showing the value of Minter's interest and Ellisor deposited in the bank to Minter's account this amount, which he refused to accept on the ground that the cotton was sold without his consent; and Minter immediately notified appellant Consolidated Gin Company to hold the cotton and to refuse delivery to appellee. These instructions were carried out by the Consolidated Gin Company. The one-fourth interest as landlord was all the claim Minter had to this cotton, as Ellisor owed him for no advances.

Appellee predicated his claim on allegations that he was an innocent purchaser of the cotton, and that, by his purchase from Ellisor, he acquired title thereto. Minter defended on the ground that the sale without his consent was illegal, and that appellee acquired no title by his purchase from Ellisor. Consolidated Gin Company defended on the ground that it was a mere stakeholder and pleaded that it was willing to surrender the cotton under the judgment of the court. Upon trial to the jury it was found: (a) That appellee was entitled to the title and possession of the three bales of cotton; (b) that Consolidated Gin Company was liable for the damages suffered by appellee by virtue of "a reduction in price of the cotton sued for"; (c) that appellant Minter was not entitled to one-fourth of the cotton in controversy. On this verdict judgment was entered in favor of appellee for $18.87 depreciation in the value of the cotton and for the possession of the three bales of cotton, but, if for any reason the delivery of the cotton could not be effected or it could not be found, then appellee was given judgment against appellants for the additional sum of $162.39.

The judgment of the lower court should be affirmed. As said above, the evidence raised the issue that appellee bought this cotton without knowledge of Minter's interest therein, and, as the warehouse receipts were negotiable instruments, their indorsement and delivery by Ellisor to appellee invested him with title to the cotton in controversy. This conclusion also fully supports the jury's answer to the third issue; that is, that Minter was not entitled to one-fourth of the cotton. The evidence clearly raised the issue against appellant Consoli-

dated Gin Company that it wrongfully withheld the possession of the cotton from appellee. This appellant knew all the facts of the case, and, on the admitted facts, appellee was entitled to the possession of at least two bales of the cotton on any theory of the case, since Minter could only claim, at the most, a one-fourth interest in the three bales of cotton. But notwithstanding this fact, this appellant refused to deliver any of the cotton to appellee.

For the reasons stated the judgment of the lower court is in all things affirmed.